This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 32,969**

**DUSTIN CAHALL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals from the district court's judgment in an on-record appeal, affirming the sentencing order of the metropolitan court that convicted Defendant for first offense driving while intoxicated (DWI). We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. The State filed a motion to dismiss the appeal, as it did in several other cases, challenging the propriety of our review of district court on-record proceedings. Defendant filed a response to the State's motion. We delayed disposition of the motion pending a formal decision from this Court. In *State v. Carroll*, No. 32,909, mem. op. ¶¶ 1, 5, 9, 12 (N.M. Ct. App. Oct. 21, 2013), this Court determined that appeals from on-record decisions of the district court are properly before us, resolving all matters raised in the State's motion. The State's motion to dismiss is therefore **DENIED**, and we may proceed to disposition in this case. Having considered Defendant's response to our notice, we remain unpersuaded that Defendant demonstrated error. We affirm.

**{2}** In this appeal, Defendant challenges the sufficiency of the evidence to support his conviction for first offense DWI, under both the per se and the impairment-to-the-slightest-degree standards. [DS 11; MIO 12-20]

**{3}** In our notice, we suspected that Defendant's vague argument against his conviction based on the per se impairment standard was an attempt to challenge the

foundational evidence the State presented for admission of the breath card results as a part of his challenge to the sufficiency of the evidence. In his response to our notice, Defendant's argument is clear: he contends that because the State failed to show compliance with the twenty-minute deprivation period, an accuracy-ensuring regulation for admission of the breath card, the test result is unreliable and insufficient to prove Defendant's actual breath alcohol level. [MIO 12-17] As we stated in our notice, however, the foundation that is required for the admission of evidence does not consist of "core" facts nor does it involve proving the essential elements of a DWI offense beyond a reasonable doubt. *See State v. Martinez*, 2007-NMSC-025, ¶ 23, 141 N.M. 713, 160 P.3d 894. Therefore, foundational requirements are relevant to the admissibility of the evidence, not to the sufficiency of the evidence to support Defendant's conviction. *See id.* ¶¶ 17, 21, 23. In reviewing the sufficiency of the evidence, we consider all the evidence admitted, even wrongfully admitted evidence. *See State v. Post*, 1989-NMSC-090, ¶ 22, 109 N.M. 177, 783 P.2d 487. For these reasons, we proposed to address the only issue specifically presented—whether sufficient evidence was presented to support Defendant's conviction for DWI—and not whether the breath card results were properly admitted. Defendant's response to our notice does not persuade us that our proposed approach was incorrect.

**{4}** We are also not persuaded that insufficient evidence was presented to support Defendant's conviction. Our notice detailed the evidence we considered sufficient, and Defendant's response does not dispute that such evidence was presented. Instead, the response lauds Defendant's performance on most of the field sobriety tests [MIO 18-19] and asks us to draw more benign inferences from the evidence that Defendant was found in the driver's seat with his eyes closed and parked facing the wrong side of the road. [MIO 17-18] The reviewing court, however, "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We do "not re-weigh the evidence to determine if there was another hypothesis that would support innocence or replace the fact-finder's view of the evidence with the appellate court's own view of the evidence." *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72. Based on the evidence detailed in our notice, we hold that sufficient evidence supports Defendant's conviction.

**{6}** For the reasons stated in this Opinion and in our notice, we affirm Defendant's conviction for first offense DWI.

**{7}** **IT IS SO ORDERED.**

                    **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Judge**

**M. MONICA ZAMORA, Judge**